**Ali Raif AVCIOUGLU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70128.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2008 *.

Filed Nov. 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Barbara J. Darnell, Esquire, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Zoe Jaye Heller, Esquire, Trial, OIL, Ann Carroll Varnon, Esquire, DOJ–U.S. Department of Justice, Elizabeth J. Stevens, Assistant Director, Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,** Senior District Judge.

MEMORANDUM ***

Petitioner Ali Raif Avcioulu ("Avcioulu"), a native and citizen of Turkey, petitions for review of an order granting his request for voluntary departure, but denying his requests for relief from removal. He contends that he is eligible for asylum; he also argues for relief under Article III of the Convention Against Torture ("CAT").

The IJ rejected Avcioulu's argument that he was persecuted because of an imputed political opinion, and therefore held that Avcioulu was not eligible for asylum. The IJ made an adverse credibility finding, but also held that even assuming the truth of Avcioulu's testimony, he failed to satisfy his burden of proof to show that he was eligible for asylum. The IJ similarly rejected Avcioulu's claim for withholding of removal. The IJ also rejected Avcioulu's claim for relief under CAT, finding that there was not sufficient evidence to suggest that he would be tortured upon his return to Turkey.

Avcioulu appealed to the BIA. The BIA adopted and affirmed the decision of the IJ, but only insofar as the IJ found that Avcioulu had failed to satisfy his burden of proof. The BIA did not adopt the IJ's adverse credibility finding.

We have jurisdiction over Avcioulu's petition claiming that the IJ and BIA erroneously found him ineligible for asylum and denied him relief under CAT. 8 U.S.C. § 1252. The IJ's factual findings

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Because the BIA did not adopt the IJ's adverse credibility finding, we "must accept [Avciouglu's] testimony as true." *Kataria v. I.N.S.*, 232 F.3d 1107, 1113 (9th Cir.2000). Where the BIA adopts the IJ's decision, but adds its own reasons, this court will review both decisions. *Id.* at 1112. "Reversal is warranted if the evidence would compel any reasonable factfinder to conclude that the requisite fear of persecution has been shown." *Ernesto Navas v. I.N.S.*, 217 F.3d 646, 657 (9th Cir.2000). "Denial of relief under CAT is reviewed for substantial evidence." *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).

■ Substantial evidence supports the BIA's decision denying Avciouglu eligibility for asylum. The record reflects that, after many years of legitimate deferments and other methods of avoiding military service, Avciouglu was conscripted into the military in 1993. Without more, legitimate conscription itself is not a form of persecution. *Alonzo v. U.S. Dept. of Imm. and Nat.*, 915 F.2d 546, 548 (9th Cir.1990). The record does not support Avciouglu's contention that he was conscripted because of a political belief imputed to him on the basis of his family's political activities. Avciouglu's own testimony indicates that thousands of individuals who had previously avoided conscription were sought by military authorities in the early 1990s. There is no evidence to support the argument that Avciouglu was singled out in any way because of an imputed political opinion, nor that the military in 1993 was even aware of his family's involvement in earlier political controversies, which had occurred more than twenty years earlier.

■ There is also substantial evidence supporting the IJ's decision that Avciouglu

was not a conscientious objector. The record does not reflect that the Turkish government was aware of any beliefs amounting to conscientious objection, nor does it reflect that Avciouglu held such beliefs. *See Castillo v. I.N.S.*, 951 F.2d 1117, 1122 (9th Cir.1991).

■ The record does not indicate grounds supporting a well-founded fear of persecution if Avciouglu were to return to Turkey. While he will likely face sanctions for deserting the military, such sanctions would be the legitimate enforcement of Turkish law. *See, e.g., Abedini v. U.S.I.N.S.*, 971 F.2d 188, 191 (9th Cir. 1992). With no compelling evidence of either past persecution, or a well-founded fear of future persecution, Avciouglu's petition for review of the BIA's asylum determination fails. Because he fails to meet the lower evidentiary standard for asylum, his claim for withholding of removal also fails.

■ Finally, Avciouglu's arguments regarding CAT are not persuasive. First, while the BIA did not discuss CAT specifically, it adopted the opinion of the IJ, which discussed the CAT claim at some length. *See Kataria v. I.N.S.*, 232 F.3d 1107, 1112 (9th Cir.2000). On the merits, Avciouglu has not demonstrated "substantial grounds for believing that he ... would be in danger of being subjected to torture" in Turkey. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001). While the record reflects some controversy in Turkey regarding the rights of conscientious objectors, and ongoing tensions with the Kurdish minority, neither provides substantial grounds for believing Avciouglu would be tortured upon his return.

Petition for review DENIED.